# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RED MOUNTAIN COLLECTIONS, LLC** | : | **CIVIL ACTION** |
| **v.** | : | |
| **WENDALYN STUDNER** | : | **NO. 19-5719** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                 **February 10, 2020**

      In removing this foreclosure action from Mississippi state court, the defendant Wendalyn Studner contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff Red Mountain Collections ("Red Mountain") has moved to remand. It argues that Studner improperly removed this action in violation of 28 U.S.C. § 1446(a), (b) and (d) by filing the removal notice late and in the wrong district court, and by failing to promptly file a copy of the removal notice in the state court and to give it prompt notice of the removal to Red Mountain.

      Because the removal notice contains these procedural defects, we shall remand the action to the state court.

## Background

      According to the complaint, on May 19, 2016, a judgment in the amount of $136,900.94 was entered in favor of Red Mountain and against Studner in the Court of Common Pleas of Philadelphia County, Pennsylvania. On March 22, 2019, a judgment in the amount of $430,420.62 was entered against her in the United States District Court for the District of Massachusetts. On June 3, 2019, Red Mountain domesticated both judgments in the Circuit Court of Noxubee County, Mississippi, where Studner owns real

estate. On July 15, 2019, the judgments were recorded and indexed in the Circuit Court, creating liens on Studner's Mississippi property.[1]

On August 29, 2019, Red Mountain filed a complaint in the Chancery Court of Noxubee County, Mississippi against Studner, seeking to judicially foreclose on her Mississippi property to satisfy the two judgment liens on the property. Studner was served with the complaint on October 23, 2019. After she failed to timely respond, Red Mountain filed a motion for default on December 2, 2019.[2]

Three days later, Studner removed the state court action to this court based on diversity jurisdiction, asserting that she is a Pennsylvania citizen and Red Mountain a citizen of Mississippi.[3] Studner certifies that she mailed a copy of the removal notice to Red Mountain's counsel on December 5, 2019, the same date that the notice was filed in this court.[4] However, Red Mountain states that it did not receive the notice of removal until January 3, 2020, when it arrived by mail.[5] The clerk of the Mississippi Chancery Court did not receive the removal notice until January 7, 2020.[6]

On January 9, 2020, Red Mountain filed a motion to remand. Studner did not respond.

---

[1] Not. of Removal (Doc. No. 1) at ECF 13-15.

[2] Aff. of Brie D. Wallace ("Wallace Aff.") (Ex. B to Mot. to Remand, Doc. No. 3-4) ¶¶ 2-4.

[3] Not. of Removal ¶ 1. In the removal notice, Studner asserts several defenses to Red Mountain's foreclosure action, including that any attempt to foreclose on her Mississippi property is improper because the underlying judgments in Massachusetts and Pennsylvania were fraudulently procured. *Id.* ¶¶ 3-5, 7-17.

[4] Not. of Removal at ECF 7.

[5] Wallace Aff. ¶ 5.

[6] Wallace Aff. ¶ 6; Ex. C to Mot. to Remand (Doc. No. 3-5).

## Discussion

A defendant may remove a civil action from state to federal court if the district court would have had subject-matter jurisdiction had the case originally been filed there. 28 U.S.C. § 1441(a). The defendant must file the removal notice in the federal district court for the district and division "embracing the place where such action is pending" within thirty days of service of the complaint. 28 U.S.C. §§ 1441(a), 1446(a), (b). Additionally, promptly after filing the removal notice, the defendant must give written notice to the adverse party and file a copy of the notice with the clerk of the state court "which shall effect the removal." 28 U.S.C. §§ 1446(d).

The plaintiff may request remand based on a procedural defect in the removal. A motion to remand must be filed within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c).

Red Mountain contends that there are three procedural defects in Studner's removal of this action. First, it argues that Studner removed the action to the wrong district court in violation of 28 U.S.C. § 1446(a). That provision requires the removal notice to be filed in the federal district court for the district and division in which the state court action is pending. At the time of the removal, the complaint was pending in state court in Noxubee County, Mississippi. The United States District Court for the Southern District of Mississippi is the district embracing Noxubee County. Therefore, Studner did not comply with section 1446(a) when she removed the action to the Eastern District of Pennsylvania.

Second, Red Mountain argues that the removal notice was not timely filed. Section 1446(a) requires the removal notice to be filed within thirty days of service of the

complaint. Because Studner was served on October 23, 2019, she had to remove the action by November 22, 2019. She did not file her notice of removal until December 5, 2019, thirteen days late.

Finally, Red Mountain contends that Studner did not file a copy of the removal notice in the state court and provide written notice of the removal to the plaintiff "promptly" after filing the notice in federal court as required by § 1446(d). Although the certificate of service attached to the removal notice indicates that Studner mailed a copy to Red Mountain's counsel on the same date that it was filed, Red Mountain's counsel states that she did not receive it in the mail until January 3, 2020. The clerk of the Mississippi Chancery Court did not receive the removal notice until January 7, 2020. Studner has not responded with any evidence showing that she mailed the removal notice to Red Mountain and the state court on or soon after December 5, 2019. Therefore, in the absence of any showing to rebut Red Mountain's assertions regarding when it received the copy of the removal notice, we find that Studner's removal notice was defective for failure to comply with 28 U.S.C. § 1446(d).

Red Mountain acknowledges that it filed its motion to remand more than thirty days after Studner filed her notice of removal, which facially is in violation of 28 U.S.C. § 1447(c). Noting that it did not receive notice of the removal until twenty-nine days after Studner removed the action, it argues that Studner's failure to comply with the section 1446(d) requirements to provide written notice of the removal to the plaintiff and to file a copy of the removal notice in the state court "promptly" after filing the notice in federal court prevented it from filing a motion to remand within thirty days of the date the removal notice was filed. It also notes that it promptly filed its motion to remand within six days of

4

being served with the removal notice, and within two days of its being filed in the state court.

Although the thirty-day time period for filing a motion to remand commences "after the *filing* of the notice of removal," we find that the motion to remand was timely filed. Section 1446(d)'s requirements that the defendant provide written notice of the removal to the plaintiff and file a copy of the removal notice in the state court are necessary to "effect the removal." *Id.* § 1446(d). Because Studner did not complete these requirements until January 3 and January 7, 2020, respectively, the removal was not effective until January 7. Additionally, without providing notice of the removal either to Red Mountain or the state court, Red Mountain could not have learned of the filing of the removal in federal court in Pennsylvania.

**Conclusion**

Because the removal notice was filed late and in the wrong district, and Studner failed to file a copy of the removal notice in the state court and give notice of the removal to Red Mountain promptly after filing the removal notice in this court, we shall remand the action to the state court pursuant to 28 U.S.C. § 1447(c).

/s/ TIMOTHY J. SAVAGE J.